1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                       FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   STEVEN SAUCIER,                        Case No.  2:21-cv-00950-JDP (PC)

10              Plaintiff,                  ORDER GRANTING PLAINTIFF'S
                                            APPLICATION TO PROCEED *IN FORMA*
11        v.                                *PAUPERIS*

12  SACRAMENTO COUNTY JAIL                  ECF No. 2
    MEDICAL STAFF,
13                                          SCREENING ORDER THAT PLAINTIFF:
              Defendant.
14                                              (1) FILE AN AMENDED
                                                    COMPLAINT, OR
15
                                                (2) STAND BY HIS COMPLAINT
16                                                  SUBJECT TO A
                                                    RECOMMENDATION THAT IT BE
17                                                  DISMISSED

18                                          ECF No. 1

19                                          SIXTY-DAY DEADLINE

20

21        Plaintiff has filed a complaint alleging that unnamed members of the Sacramento County

22  Jail medical staff violated his Eighth Amendment rights by refusing to look at his ailing finger.

23  ECF No. 1 at 2.  The complaint, as currently pled, does not state a cognizable claim.  I will give

24  plaintiff leave to amend before recommending that the complaint be dismissed.  I will also grant

25  his application to proceed *in forma pauperis*.  ECF No. 2.

26                          **Screening and Pleading Requirements**

27        A federal court must screen a prisoner's complaint that seeks relief against a governmental

28  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is short and vague.  He alleges that, on an unspecified date, he approached an unnamed officer at the Sacramento County Jail and begged for permission to go to medical so that his finger[1] could be examined.  ECF No. 1 at 2.  He eventually convinced the officer to let him go, but the attending nurse rebuffed his requests for treatment and told him that she had too many patients with more serious health problems.  *Id.*  Plaintiff returned to his cell

---

[1] Plaintiff does not state what the problem with his finger was, only that it was serious enough to eventually warrant amputation.  ECF No. 1 at 3.

and went "man down." *Id.* at 3.  He was taken to a local hospital where a doctor told him that his finger, and perhaps his entire arm, would have to be amputated.  *Id*.  These allegations, as stated, cannot proceed.  First, plaintiff must identify the nurse who refused him treatment if she is to be served.  Additionally, he should better contextualize his claims by stating when he was refused treatment and identifying what disease or injury afflicted his finger.  Finally, he must allege whether the nurse acted with deliberate indifference or, put another way, whether she was aware of the severity of plaintiff's injury when she turned him away.

I will give plaintiff leave to amend his complaint before recommending dismissal of this action.  If he decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's applications to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   ___August 30, 2021___                        _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28